## ROBT. P. KENNEY v. PHILLIP KIDD, ETC.

**Trusts—Resulting Trust—Self Constituted Trustee.**

When Kenny applied the proceeds of the Giltner note to the payment of the individual debt due from P. H. Kidd to himself as executor of Mrs. Markee, knowing as he did that said note was owned by the infant Henry Kidd, he must be regarded as having thereby constituted himself, the trustee of the latter.

**Guardian and Ward—Surety on Guardian's Bond May be Substituted to Rights of Infant.**

Where a surety on a guardian's bond has been compelled to pay on default of his principal, he will in equity be substituted to all the rights and remedies of the ward, against the principle in the bond and the party who has the actual possession of the estate.

APPEAL FROM FAYETTE CIRCUIT COURT.

June 28, 1871.

OPINION BY JUDGE LINDSAY:

When Kenney applied the proceeds of the Giltner note to the payment of the individual debt due from P. H. Kidd to himself as ex'or of Mrs. Markee, knowing as he did that said note was owned by the infant Henry Kidd, he must be regarded as having thereby constituted himself, the trustee for the latter.

The transaction between the guardian and the appellant did not have the effect of divesting the ward of his property in said note or its proceeds.

Kenney might possibly have relieved himself of his responsibility to the ward by returning the property to its proper custodian, the guardian, but there is nothing in the record tending to show that he ever did so. The subsequent transactions between the parties touching the sale of the estate of Mrs. Kidd, and the re-investment of its proceeds in the house and lot on Broadway, seems to have been made by Kenney in the discharge of his duties as trustee for Mrs. Kidd, having no reference whatever to the interests of Henry Kidd, and not intended at the time by either party, to operate so as to discharge Kenney from his obligation as a self-constituted trustee for the latter.

We think it clear that Henry Kidd had a cause of action against appellant for such amount as remained due him from his guardian on account of the Giltner note.

He deemed proper, however, to proceed upon his guardian's bond and has recovered judgment for said amount against the surety on such bond. This surety was in no wise responsible for the transaction between Kenney and his principal, the guardian, and in case his estate is subjected to the payment of the ward's judgment his administratrix is in equity entitled to be substituted to all the rights and remedies of said ward, against both the principal in the bond and the party who has actual possession of the estate for which she is compelled to account.

This right of substitution, however, will not accrue until she satisfies said judgment and as it does not appear that she has done so it was erroneous to render the judgment in her favor against Kenney. The proper proceedings would have been to compel Kenney to pay the amount for which he is accountable into the court, and then to apply the same to the payment of Henry Kidd's judgment, or if said judgment has been paid by the administratrix of Samuel A. Kidd, to apply said amount to the satisfaction of her claim against Kenney.

But in view of the fact that the parties have filed an agreement admitting that appellee has satisfied the judgment in favor of Henry Kidd, and consenting that the judgment in her favor shall not be reversed upon the sole ground that this fact does not appear from the pleadings and proof in the case, said judgment is affirmed, but no judgment shall be rendered against appellants for the costs of this appeal.

*Johnson, Beck & Carr, for appellant.*

*Hunt, for appellees.*